# EXHIBIT B

# Complaint And Jury Demand to Trans Union, LLC

STATE OF MICHIGAN
IN THE 32A DISTRICT COURT

STEPHEN D. ARTHUR,
    Plaintiff,

v.

TRANS UNION, LLC,
a Delaware limited liability company, and
FIRST PREMIER BANK,
a foreign corporation.
    Defendants.
_____/

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
Phone (248) 353-2882
Fax (248) 353-4840
Email–gary@micreditlawyer.com
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF, STEPHEN D. ARTHUR, THROUGH COUNSEL, MICHIGAN CONSUMER CREDIT LAWYERS, BY GARY D. NITZKIN,** and for his Complaint against the Defendants, plead as follows:

## VENUE

1. The transactions and occurrences which give rise to this action occurred in the city of Harper Woods, Wayne County, Michigan.

2. Venue is proper in 32A District Court in Wayne County, Michigan as the actions and occurrences recited herein occurred in Harper Woods, in Wayne County, Michigan.

3. The amount in controversy is less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

1

## PARTIES

4. The Defendants to this lawsuit are:

   a. Trans Union, LLC ("Trans Union") which is a Delaware limited liability company that maintains a registered agent in Ingham County, Michigan; and

   b. First Premier Bank ("First Premier") which, upon information and belief, is a foreign corporation that maintains its offices in South Dakota.

## GENERAL ALLEGATIONS

5. On or about March 28, 2014, Plaintiff was conned out of some of his personal financial information by a lady. Shortly thereafter, he discovered that he had been scammed as the con artist had written three separate checks in his name without his permission in the amount of $2,000.00 each, totaling $6,000.00. Mr. Arthur had no knowledge of these checks until they were presented to the bank, by the lady, for payment.

6. In 2015, Mr. Arthur obtained his credit files from Experian, Equifax and Trans Union ("Credit Reporting Agencies" or "CRAs") and noticed trade lines that did not belong to him (collectively "Bogus Trade Lines").

7. In April 2015, Plaintiff disputed the Bogus Trade Lines and submitted online disputes to the CRAs. Upon information and belief, the CRAs forwarded Mr. Arthur's consumer disputes to the furnishers of each of the disputed trade lines.

8. On or about October 26, 2015, Mr. Arthur filed a police report regarding the identity theft.

9. On or about February 18, 2016, Mr. Arthur filled out an Identity Theft Affidavit regarding the identity theft.

10. On or about March 21, 2016, Mr. Arthur received Trans Union's investigation results which showed the following trade line that did not belong to him ("Bogus Trade Line"):

   a. First Premier with account number:   REDACTED

11. On or about July 20, 2016, Mr. Arthur submitted a letter to Trans Union disputing the Bogus Trade Line on his credit file. With this dispute letter, he attached his Identity Theft Affidavit which referenced the Bogus Trade Line. He also attached a letter that explained the identity theft incident which contained a Complaint Number of 15-23586 from the St. Clair Shores Police Department showing that he filed a police report.

12. Upon information and belief, Trans Union forwarded Mr. Arthur's consumer dispute with the attachments to First Premier.

13. On or about August 5, 2016, Mr. Arthur received correspondence from Trans Union which stated that the Bogus Trade Line was not reporting.

14. However, on or about August 25, 2016, Mr. Arthur received Trans Union's investigation results which showed that First Premier retained the Bogus Trade Line.

## COUNT I

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. After being informed by Trans Union of Mr. Arthur's consumer dispute to the Bogus Trade Line, First Premier negligently failed to conduct a proper investigation of Mr. Arthur's dispute as required by 15 USC 1681s-2(b).

17. First Premier negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-

2(b). Specifically, it failed to direct Trans Union to remove the Bogus Trade Line from Mr. Arthur's credit file.

18. The Bogus Trade Line is inaccurate and creating a misleading impression on Mr. Arthur's consumer credit file with Trans Union to which it is reporting such trade line.

19. As a direct and proximate cause of First Premier's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

20. First Premier is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

21. Mr. Arthur has a private right of action to assert claims against First Premier arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant First Premier for damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY FIRST PREMIER

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. After being informed by Trans Union that Mr. Arthur disputed the accuracy of the information it was providing, First Premier willfully failed to conduct a proper reinvestigation of Mr. Arthur's dispute.

24. First Premier willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

25. As a direct and proximate cause of First Premier's willful failure to perform its respective duties under the FCRA, Mr. Arthur has suffered damages, mental anguish, suffering, humiliation and embarrassment.

26. First Premier is liable to Mr. Arthur for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against First Premier for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT III

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

27. Plaintiff realleges the above paragraphs as if recited verbatim.

28. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

29. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

30. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

31. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

32. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

33. Trans Union is liable to Mr. Arthur by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Trans Union for actual damages, costs, interest and attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

## COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

34. Plaintiff realleges the above paragraphs as if recited verbatim.

35. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Mr. Arthur as that term is defined in 15 USC 1681a.

36. Such reports contained information about Mr. Arthur that was false, misleading and inaccurate.

37. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Arthur, in violation of 15 USC 1681e(b).

38. After receiving Mr. Arthur's consumer dispute to the Bogus Trade Line, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

39. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Mr. Arthur has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

40. Trans Union is liable to Mr. Arthur by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees in the amount of less than twenty five thousand dollars ($25,000.00) exclusive of costs, interest and attorney's fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted,

October 5, 2016

*Gary D. Nitzkin w/ permission*

GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email– gary@micreditlawyer.com